**FILED-ED4**

04 APR 28 PM 2: 25

CLERK
U.S. DISTRICT COURT

HENRY REPAY, individually and as
representative of a class of similarly
situated persons,

**DOCKETED**

APR 2 9 2004

          Plaintiff,

 )

 )

vs.       )   No.**04C 3030**

 )

THE FLAG COMPANY, INC.  )

 )

          Defendant.  )

**JUDGE GETTLEMAN**

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

## NOTICE OF REMOVAL

Defendant, The Flag Co., Inc. by undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §1441(b), of the Removal of this action from the Circuit Court of Cook County, Illinois to this Court.

1.     Plaintiff, Henry Repay, an Illinois citizen, filed this action in the Circuit Court of Cook County, Illinois, on March 26, 2004. *See,* Complaint, attached as Ex. 1, designated case number 04 CH 05344.

2.     Defendant, The Flag Co., a Georgia corporation with its principal place of business in Georgia, has been served with the summons, attached as Ex. 2, and Complaint, less than 30 days ago, and has not filed an answer, appearance or any other paper in response to the complaint in the Circuit Court. It is the only defendant.

3.     This is The Flag Co.'s first filing in response to the Complaint.

4.     This Court properly has subject matter jurisdiction of this case pursuant to, 28 U.S.C. § 1331, as a federal question because Count I of the Complaint alleges a violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act of 1991. The

Court has supplemental jurisdiction of the remaining counts of the Complaint pursuant to 28 U.S.C. § 1367.

5.    This Notice of Removal is properly filed in this Court, which has venue of this case, because this is the district in which the state court action was filed.

6.    The Flag Co. will file a copy of this Notice of Removal with the Circuit Court of Cook County, Chancery Division, and serve a copy on plaintiff's counsel of record.

7.    The allegations of this notice are made pursuant to Fed. R. Civ. P. 11.

Dated: April 28, 2004

The Flag Co., Inc., by its counsel
JOHNSON & BELL, LTD.


By: _____
                Howard W. Foster

John W. Bell
Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe Street, #4100
Chicago, IL 60603
(312) 372-0770

RECYCLED

Atty. No. 12775

FILED-3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CIRCUIT COURT OF

HENRY REPAY d/b/a )
LAW OFFICES OF HENRY REPAY )
)
Plaintiff, )
)
v. )
)
THE FLAG COMPANY, INC., )
)
Defendants. )

04 CH 05344

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.      Plaintiff Henry Repay doing business as the Law Offices of Henry Repay

("Repay") brings this action to secure redress for the actions of defendant The Flag Company, Inc.

("Flag Company") in sending out unsolicited advertisements to telephone facsimile machines in

violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois

Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and Illinois common law.

## PARTIES

2.      Plaintiff Repay is a lawyer doing business as the "Law Offices of Henry

Repay" in Belvidere, Illinois, where it maintains a telephone facsimile machine.

3.      Defendant Flag Company is a corporation chartered in the state of Georgia

with its principal business address at 3600 Cantrell Industrial Ct NW, Acworth, GA 3010.

4.      Defendants John Does 1-10 are other natural or artificial persons that were

1

involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

FACTS

5.     On or about February 17, 2004, Flag Company caused the unsolicited fax advertisement attached as Exhibit A to be transmitted to plaintiff's facsimile machine.

6.     Plaintiff Repay had no prior business relationship with Flag Company and had not authorized the sending of fax advertisements to plaintiff.

7.     The fax has a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

8.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

9.     Defendant Flag Company or its agents designed the advertising material in question in a manner calculated to make its receipt particularly expensive. The inclusion of graphics and bold headlines and words in the fax causes it to consume unusually large amounts of toner or ink. Heavy black headlines and graphics cause a fax to consume as much toner or ink as a dozen or more ordinary business letters.

10.     Defendants state in the fax that "If you received this fax in error - please call . . . ." In fact, the faxes were not sent in error, but deliberately. The quoted statement is misleading and its making a deceptive practice.

COUNT I – TCPA

11.     Plaintiff incorporates ¶¶ 1-10.

12.     The TCPA makes unlawful the "use of any telephone facsimile machine,

2

computer or other device to send an unsolicited advertisement to a telephone facsimile machine..."
47 U.S.C. §227(b)(1)(C).

13.     The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever, is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

14.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

15.     Plaintiff and each class member is entitled to statutory damages.

16.     If the evidence shows the violation was willful, plaintiff requests trebling of the damages.

17.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

18.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

3

with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of consent.

19.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

20.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.     Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b.     The manner in which defendant compiled or obtained its list of fax numbers;

c.     Whether defendant thereby violated the TCPA;

d.     Whether defendant thereby committed the tort of conversion;

e.     Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

21.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

22.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual

4

actions.

23. Several courts have certified class actions under the TCPA. Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

24. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a. Actual damages;

b. Statutory damages;

c. An injunction against the further transmission of unsolicited fax advertising;

d. Costs of suit;

e. Such other or further relief as the Court deems just and proper.

## COUNT II – CONVERSION

25. Plaintiff incorporates ¶¶ 1-10.

26. By sending plaintiff and the class members unsolicited faxes, defendant converted to its own use ink or toner and paper belonging to plaintiff and the class members.

27. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and

5

ink or toner used to print the faxes.

28. By sending the unsolicited faxes, defendant appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

29. Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

30. The Criminal Code, 720 ILCS 5/26-3, makes it an offense to send an unsolicited fax advertisement.

31. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

32. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of consent.

34. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

35. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b.      Whether defendant thereby violated the TCPA;

c.      Whether defendant thereby committed the tort of conversion;

d.      Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

36.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

37.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

38.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Costs of suit;

d.  Such other or further relief as the Court deems just and proper.

## COUNT III – ICFA

39.  Plaintiff incorporates ¶¶ 1-10.

40.  Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

41.  Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

42.  Defendant engaged in such conduct in the course of trade and commerce.

43.  Defendant engaged in such conduct knowing that such conduct was causing recipients of its advertising to bear the cost thereof.

44.  Defendant's shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendant's conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

45.  The Criminal Code, 720 ILCS 5/26-3, makes it an offense to send an unsolicited fax advertisement.

46.  Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

47.  Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of consent.

8

48. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

49. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b. Whether defendant thereby violated the TCPA;

c. Whether defendant thereby committed the tort of conversion;

d. Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

50. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

51. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

52. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT IV – PROPERTY DAMAGE

53.    Plaintiff incorporates ¶¶ 1-10.

54.    By sending plaintiff and the class members unsolicited faxes, defendant damaged paper belonging to plaintiff and the class members.

55.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and used to print the faxes.

56.    By sending the unsolicited faxes, defendant used plaintiff's paper used to print the faxes in such manner as to make it unusable. Such action was wrongful and without authorization.

57.    Defendant knew or should have known that its action was wrongful and without authorization.

58.    The Criminal Code, 720 ILCS 5/26-3, makes it an offense to send an unsolicited fax advertisement.

59.    Plaintiff and the class members were deprived of the paper, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

60. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

61. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of express consent.

62. The class is so numerous that joinder of all members is impractical. Plaintiff allege on information and belief that there are more than 50 members of the class.

63. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b. Whether defendant thereby violated the TCPA;

c. Whether defendant thereby committed the tort of conversion;

d. Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

e. Whether defendant thereby tortiously damaged the property of plaintiff.

64. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to

vigorously pursue this action.

65. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

66. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a. Appropriate damages;

b. An injunction against the further transmission of unsolicited fax advertising;

c. Costs of suit;

d. Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois. 60603
(312) 739-4200
(312) 419-0379 (FAX)

Atty. No. 12775

l:\Case\flag11.417\pleading\cmplt.wpd

# EXHIBIT A

# FACTORY TO YOU
# FARMING FLAGS



## U.S. Farming Flags
### Special Pre-Season Pric

**$.25 EA** in any quantity.
through Feb. 29, 2004
**$.27 EA** in any quantity.
through March. 31st, 2004

* 12" x 18" on 30" wooden staff
* 3.5 Mil embossed polyester
* Pole hem double stapled onto staff
* "Made in USA" on hem of flag
* Compliments cards available



From the first name in Farming Flags:

# THE FLAG COMPANY, INC.

To take advantage of this incredible offer, visit us at:
www.flagco.com or call toll-free: 1-800-962-0956

The Flag Company, Inc.
Phone: 770 974-0507  Fax: 770 974-0793
If you have received this fax in error - please call 1-866-342-0083 to be removed from the list.

RECYCLED

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

Henry Repay d/b/a Law Offices of Henry Repay

v.

The Flag Company

No. 04CH 05344

The Flag Company
3600 Cantrell Industial Ct. N
Acworth, GA 30101

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court
the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____802_____, Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows     ☐ District 4 - Maywood
  5600 Old Orchard Rd.           2121 Euclid                        1500 Maybrook Ave.
  Skokie, IL 60077               Rolling Meadows, IL 60008          Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham
  10220 S. 76th Ave.             16501 S. Kedzie Pkwy.
  Bridgeview, IL 60455           Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIE
REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, wi
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons sha
be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 12775

Name: Edelman, Combs & Latturner, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St., Ste. 1800

City/State/Zip: Chicago, IL 60603

Telephone: 312-739-4200

WITNESS, _____ MAR 26 2004

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                    (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

- FILED-ED4

04 APR 28 PH 2: 25 -

CLERK
U.S. DISTRICT COURT

HENRY REPAY, individually and as )
representative of a class of similarly )
situated persons, )
              Plaintiff, )
)
vs. )
)
THE FLAG COMPANY, INC. )
)
              Defendant. )

No.

From the Circuit Court of
Cook County, Illinois
County Dept. – Chancery Div.
No. 04 CH 05314

**04C 3030**

**JUDGE GETTLEMAN**

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

### NOTICE OF FILING

TO:     Daniel A. Edelman
        Edelman, Combs & Latturner, LLC
        120 S. LaSalle Street, 18th Floor
        Chicago, IL 60603

Clerk of the Circuit Court of Cook County
Richard J. Daley Center
Chancery Division - Room 802
Chicago, IL 60602

         PLEASE TAKE NOTICE that on the _28th_ day of April, 2004, I caused to be filed with
the Clerk of the District Court for the Northern District of Illinois, Eastern Division, the attached
**Notice of Removal**, a copy of which is hereby served upon you.

John W. Bell
Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe Street - Suite 4100
Chicago, IL 60603
(312) 372-0770

_____
Howard W. Foster

### PROOF OF SERVICE

        Under penalties of perjury as provided in 28 U.S.C. §1746, the undersigned certifies that a copy
of the foregoing Notice of Filing with attached document was caused to be served on the above named
individuals at their addresses by U.S. Mail, first-class postage pre-paid, at 55 E. Monroe, Chicago,
Illinois, before 5:00 p.m. on the _28th_ day of April, 2004.

_____
Joyce M. Olinger

#1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

*FILED-ED4*

*04 APR 28 PH 2: 25*

*CLERK*
*U.S. DISTRICT COURT*

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): Repay, Henry NMI known, d/b/a Law Offices of Henry Repay**

County of Residence: IL

Plaintiff's Atty:    Daniel A. Edelman
Edelman, Combs, & Latturner, LLC
120 S. LaSalle St., 18th Floor, Chicago, IL 60603
(312) 739-4200

**Defendant(s):The Flag Company, Inc., a Georgia Corporation**

County of Residence: GA

Defendant's Atty:    Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe St., Suite 4100, Chicago, IL 60603
(312) 372-0770

*DOCKETED*
*APR 29 2004*

---

II. Basis of Jurisdiction:     **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties (Diversity Cases Only)
     Plaintiff:- N/A
     Defendant:- N/A

*JUDGE GETTLEMAN*

**04C 3030**

IV. Origin :     **2. Removed From State Court**

*MAGISTRATE JUDGE GERALDINE SOAT BROWN*

V. Nature of Suit:     **450 Commerce/ICC Rates/etc.**

VI.Cause of Action:     **47 U.S.C. Sec. 227 Violation of the Telephone Consumer Protection Act**

VII. Requested in Complaint
     Class Action: Yes
     Dollar Demand: **$500, plus**
     Jury Demand: No

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature: *Howard Foster*

Date: *April 28, 2004*

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED-ED4

04 APR 28 PM 2:25

CLERK
U.S. DISTRICT COURT

In the Matter of

Henry Repay d/b/a Law Offices
of Henry Repay

v.

The Flag Company, Inc.

Case Number:

# 04C 30

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

The Flag Company, Inc., Defendant

**JUDGE GETTLEMAN**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE *Howard W. Foster* | SIGNATURE *John W. Bell* |
| NAME Howard W. Foster | NAME John W. Bell |
| FIRM Johnson & Bell, Ltd. | FIRM Same as A |
| STREET ADDRESS 55 E. Monroe Street, Suite 4100 | STREET ADDRESS Same as A |
| CITY/STATE/ZIP Chicago, IL 60603 | CITY/STATE/ZIP Same as A |
| TELEPHONE NUMBER (312) 372-0770 FAX NUMBER (312) 372-9818 | TELEPHONE NUMBER (312) 372-0770 FAX NUMBER (312) 372-9818 |
| E-MAIL ADDRESS fosterh@jbltd.com | E-MAIL ADDRESS bellj@jbltd.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6201218 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 0161934 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER FAX NUMBER | TELEPHONE NUMBER FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |