

**FILED**
JUN - 1 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Henry Repay d/b/a Law Offices of Henry Repay, ) | |
| ) | No. 04C 3030 |
| Plaintiff, ) | |
| ) | Judge Gettleman |
| v. ) | |
| ) | Magistrate Judge |
| The Flag Company, Inc. ) | Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

**DOCKETED**
JUN 0 2 2004

### DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant, The Flag Co., by undersigned counsel, hereby submits its Memorandum in response to the Motion of Plaintiff, Henry Repay d/b/a Law Offices of Henry Repay (hereafter "Repay") to Remand The Case and For Attorney's Fees (hereafter "the Motion").

### I. BACKGROUND

Repay filed this putative class action against The Flag Co. pursuant to 47 U.S.C. § 227(b)(3), enacted as part of the Telephone Consumer Protection Act of 1991.[1] The Act prohibits, *inter alia,*, sending unsolicited faxes. The Complaint alleges such a fax was sent by The Flag Co. to Repay. The Motion concerns not the facts of the Repay's Complaint but merely the preliminary question as to whether this Court has subject matter jurisdiction over the case. In that regard, § 227(b)(3) of the Act provides "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring

---

[1] Pub. L. 102-243, 105 Stat. 2395 (hereafter referred to as "the Act").

1

DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND
1056225



in an appropriate court of that State..." (hereafter referred to as "the jurisdictional provision").

Repay filed this case in the Circuit Court of Cook County, and The Flag Co. removed the case to this Court pursuant to 28 U.S.C. § 1441(a) as a federal question over which the Court has original jurisdiction, as provided by 28 U.S.C. § 1331 (hereafter "the federal question statute).[2]

Repay has moved to remand the case to state court, contending there is no federal jurisdiction over cases arising from § 227 of the Act on the belief that the jurisdictional provision must be construed as providing *exclusive* state court jurisdiction over actions arising from § 227. The Motion completely ignores the relevant Seventh Circuit and Supreme Court cases which directly apply and provide for federal jurisdiction here because the Act did not reject it. *See, e.g.,* Bell v. Hood, 327 U.S. 678, 682 (1946)("[W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court but for two possible exceptions later noted, *must entertain the suit,*" holding federal jurisdiction existed for complaint alleging a novel constitutional theory of recovery absent any congressional enactment or express private right of action because federal jurisdiction is the norm); *accord,* O'Conner v. Commonwealth Edison Co., 13 F.3d 1090, 1097 (7th Cir. 1994)("Causes of action that are based entirely on federal law clearly arise under the laws of the United States for Article III purposes").

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the U.S."

2

DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND
1056225

Therefore, this Court has no choice but to entertain this case. Federal courts have a "virtually unflagging obligation… to exercise [their] jurisdiction, <u>Colorado River Water Conservation Dist. v. U.S.</u>, 424 U.S. 800, 817 (1976). The Motion should be denied.

## II. SEVENTH CIRCUIT AND SUPREME COURT JURISPRUDENCE PROVIDE FOR FEDERAL JURISDICTION OVER THIS CASE

As indicated, *supra,* federal jurisdiction is presumed to exist for cases arising under federal statutes by virtue of the federal question statute. <u>Bell</u>, 327 U.S. at 682.; *see also,* <u>Haas v. Wieboldt Sores, Inc.</u>, 725 F.2d 71, 73 (7th Cir. 1984)("A claim based on a violation of a federal statute is a claim arising under federal law within the meaning of 28 U.S.C. § 1331 [the federal question statute]," concluding a specific statutory enactment of jurisdiction is "redundant"). Nevertheless, several appellate courts have decided there is no federal jurisdiction over the Act. A careful review of these decisions indicates they are all based on the erroneous proposition that a specific grant of federal jurisdiction is required, *see* Motion at 2, ¶ 4. Thus, these cases are contrary to Supreme Court and Seventh Circuit jurisprudence, which is unambiguously to the contrary: no such statement is required in any legislative enactment for federal jurisdiction to exist. Thus, it is hardly surprising that the Motion has failed to cite any Seventh Circuit or Supreme Court authority which supports its position that the Court is without jurisdiction to hear this case. Thus, this Court must either follow binding Seventh Circuit and Supreme Court precedent or the decisions of other circuits which appear to be grounded on the erroneous belief that a federal court can decline its jurisdiction because it simply would prefer not to entertain a particular case. As indicated, *infra,* the Supreme Court has rejected the notion that such discretion exists.

3

DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND
1056225

### III. CONCURRENT FEDERAL-STATE JURISDICTION IS ASSUMED UNLESS SPECIFICALLY REJECTED BY CONGRESS, WHICH HAS NOT OCCURRED UNDER THE ACT

All federal statutes create a presumption of concurrent jurisdiction. This presumption cannot be overcome by phrases indicating cases "may" be brought in federal courts. *See* Tafflin v. Levitt, 493 U.S. 455, 460-61 (1990)(holding that RICO's identically worded jurisdictional provision, "may sue therefore in any appropriate United States district court" did not oust state courts of their concurrent jurisdiction because it did not expressly provide for exclusivity). It is thus entirely reasonable to assume that the same rule applies when a statute expressly provides that cases "may" be brought in state courts. The Act does this, *employing the precise jurisdictional phraseology the Supreme Court held created concurrent jurisdiction in Tafflin*. *See also,* Charles Dowd Box Co. v. Courtney, 368 U.S. 502 (1962)(holding that the jurisdictional provision in the Labor Management Relations Act, providing that actions "may be brought in any district court of the United States" did not create exclusive federal court jurisdiction, and that the presumption of concurrent jurisdiction applied); Yellow Freight System v. Donnelly, 874 F.2d at 405 (holding that concurrent jurisdiction exists for all claims arising under federal laws unless Congress "affirmatively divest state courts of their presumptively concurrent jurisdiction" by "expressly confin[ing] jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction"), *aff'd,* 494 U.S. 802 (1990)(following Charles Dowd Box); *accord,* 13 Wright and Miller, Federal Practice & Procedure, Jurisdiction 2d, § 3527, "Unless Congress expressly makes federal court jurisdiction exclusive, federal and state courts have concurrent jurisdiction to try federal claims"); 17A Moore's Federal Practice, § 120.12[1][a](3d ed. 2004)("Congress has the power to allocate jurisdiction

4

over federal-law-based claims between federal and state courts, but often neglects to do so. There is a presumption of concurrent state and federal court jurisdiction, however. The presumption applies even if a federal statute explicitly provides for original federal court jurisdiction, so long as that statute does not also provide that jurisdiction is exclusive in the federal courts"). There are the precedents which this Court must follow.

### IV. THIS COURT IS BOUND TO FOLLOW THE *YELLOW FREIGHT* DOCTRINE

As indicated, the Seventh Circuit's decision in Yellow Freight, holding that concurrent jurisdiction exists for all federal enactments unless expressly revoked (which the Act does not do) is the applicable rule of decision here. This Court has no discretion but to apply it to this case and deny the Motion.[3] *See, e.g.*, U.S. v. Burke, 781 F.2d 1234, 1239 n.2 (7th Cir. 1985) (a district judge "must follow the decisions of this Court even if [the judge] believes them profoundly wrong"); Matter of Chicago, Rock Island & Pacific R. Co. v. Sandborn, 794 F.2d 1182, 1185 (7th Cir. 1986)("District judges must follow the rules established in statutes and cases alike, no matter how misguided the judges may think them," reversing judgment for failure to follow precedent).

#### A. The Decisions Of The Other Circuits Cited Do Not Apply The Seventh Circuit's Law And Do Not Bind This Court

The decisions of the Second, Third, Fourth, Fifth, Ninth and Eleventh Circuits all rest on the proposition that concurrent jurisdiction is not presumed and federal jurisdiction may only emanate from a specific statement in a federal statute in addition to

---

[3] The Seventh Circuit has not addressed the Act, but one district court in the circuit has, and has held federal jurisdiction exists. *See* Kenro v. Fax Daily, Inc., 904 F. Supp. 912 (S.D. Ind. 1995)(denying motion to remand case under the Act).

5

DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND
1056225

the creation of the right of action itself. *See* International Science & Technology Institute Inc. v. Inacom, 106 F.3d 1146, 1151 (4th Cir. 1997), relying upon Sheldon v. Sill, (1850).

However, it is well established that decisions from other circuits are not authoritative if inconsistent with this Circuit's precedent. *See, e.g.,* Colby v. J.C. Penney Co., Inc., 811 F.2d 1119, 1123 (7th Cir. 1987)("But neither this court nor the district courts of this circuit give the decisions of other courts of appeals automatic deference; we recognize that, within reason, the parties to cases before us are entitled to our independent judgment," reversing improper adherence to another circuit's precedent).

Flag Co. respectfully points out that the other circuit courts have not addressed the Yellow Freight precedent, which directly applies. At bottom, the decisions of the other circuits all rest on the premise, rejected by the Seventh Circuit, that federal jurisdiction must emanate from a specific legislative enactment. This principle can be traced to a single Supreme Court case, Sheldon, from 1850, which does not even expressly stand for that proposition. More recent Supreme Court cases have unambiguously established the applicable principle that concurrent jurisdiction is *presumed* in all federal statutes. No more is needed for federal jurisdiction to be invoked.

### B. The Decisions Of Other Members Of This Court Have Simply Followed The Other Circuits And Not Addressed *Yellow Freight*

The Motion cites three unpublished decisions of other members of this Court which have remanded similar cases. Motion at 3, ¶ 5. In Stonecrafters Inc. v. CM Systems, Inc., 2003 WL 22415976 at *1 (N.D. Ill. 2003)(Reinhard, J.) the court held that "Federal question jurisdiction necessarily depends upon an act of Congress..." adopting the reasoning of International Science and not the Seventh Circuit's case law. In

6

DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND
1056225

Construction Consulting Group, Ltd. v. Gersten Financial and Insurance, Inc., 2002 WL 1400472 at *2 (N.D. Ill. 2002)(Kocoras, J.) the court reached the conclusion "Where they [federal statutes] referred only to state courts, we conclude that jurisdiction was not extended to federal courts." The decision cited no authority for this proposition, which is Seventh Circuit law. Again, Flag Co. respectfully requests that this Court fulfill its responsibility to analyze the issues independently and not merely repeat what other judges and other circuits have concluded. In the absence of a directly applicable Seventh Circuit decision in a case under the Act, this review is required. *See, e.g.,* Colby, 811 F.2d at 1123 ("But unless the earlier decision is authoritative, the court that decides the later case does not discharge its judicial responsibilities adequately by merely citing the earlier decision and following it without so much as indicating agreement with it, let alone analyzing its merits").

## V. THE RIGHT TO REMOVAL CANNOT BE LIMITED BECAUSE OF THE COURT'S DOCKET

The Motion asserts, without citation to any authority that in enacting the Act "Congress was concerned with inundating the federal courts with large numbers of TCPA cases," and that this is a basis for removal. Motion at 4, ¶¶ 8-9. Even if Congress had this intent, by not expressly divesting federal courts of their jurisdiction, which is presumed, as indicated, *infra,* federal jurisdiction exists. Courts may not remand cases because of their lack of interest in them or any other docket concerns. *See* Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 344 (1976)("But an otherwise properly removed action may no more be remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be

7

dismissed or referred to state courts for such reason"). Thus, this Court has no discretion to limit the right of removal due to concerns about its docket.

## VI. ATTORNEY'S FEES SHOULD NOT BE AWARDED

The Motion requests an award of attorney's fees if it is granted. Although 28 U.S.C. § 1447(c) permits awarding attorney's fees upon remand, the issue is discretionary, not mandatory. In this district, courts apply a good faith "substantial question" test. *See, e.g.,* Turner v. Bell Federal Sav. & Loan Assn., 490 F. Supp. 104, 105 (N.D. Ill. 1980)(refusing to award attorney's fees if the defendant "presented a substantial jurisdictional question"). It appears no judge in the Seventh Circuit has ever awarded attorney's fees in a case arising under the Act. Until the Seventh Circuit decides the question, it is unsettled. Chief Judge Kocoras expressly denied attorney's fees in the case the Motion cites. Construction Consulting Group, Ltd., 2002 WL 1400472 at *2. Accordingly, as Flag Co. has made a good faith jurisdictional argument which has not been rejected by any Court in this Circuit (so far as any of the cases indicates), attorney's fees should not be awarded if the Motion is granted.

## VII. CONCLUSION

In conclusion, for the reasons set forth in this Memorandum, federal subject matter jurisdiction exists over this case and the Motion should be denied. If the Motion is granted, there should be no award of attorney's fees.

Dated: June 1, 2004

                        Respectfully submitted,

                        Johnson & Bell, Ltd.

                        By: _____
                              Howard W. Foster
                              One of the Attorneys for Defendant
                              The Flag Co.

John W. Bell
Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe Street
Suite 4100
Chicago, IL 60603
(312) 372-0770

## CERTIFICATE OF SERVICE

TO: Daniel A. Edelman
Edelman, Combs & Latturner, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603

The undersigned, states that she has served the foregoing **Defendant's Memorandum in Response to Plaintiff's Motion to Remand** to the attorneys of record via facsimile and by depositing a copy of same in the U.S. Mails, properly addressed and with proper postage affixed thereto on June 1, 2004 on or before 5:00 p.m.

_Joyce M. Olinger_
Joyce M. Olinger

Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe Street
Suite 4100
Chicago, Illinois 606013
(312) 372-0770

CERTIFICATE OF SERVICE

1059035