

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3030 | DATE | July 2, 2004 |
| CASE TITLE | Henry Repay    v    The Flag Co., Inc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered. Plaintiff's motion to remand is granted and his motion for attorneys' fees is denied. This cause is ordered remanded to the Circuit Court of Cook County, Il.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUL 0 7 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GS | courtroom deputy's initials | 2004 JUL -6 PM 3:29 Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HENRY REPAY d/b/a, )
LAW OFFICES OF HENRY REPAY, )
)
    Plaintiff, ) 04 C 3030
)
    v. ) Judge Robert W. Gettleman
)
THE FLAG COMPANY, INC., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry Repay filed the instant class action arising from his receipt of an alleged unsolicited facsimile advertisement from defendant, The Flag Company, Inc., on or about February 17, 2004. In relation to this event, plaintiff asserts the following claims: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I); conversion (Count II); violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count III); and property damage (Count IV). Defendant removed the instant action, pursuant to 28 U.S.C § 1441(b), from the Circuit Court of Cook County, Illinois, to this court.

Plaintiff has moved to remand for lack of subject matter jurisdiction and for attorneys' fees pursuant to 28 U.S.C. § 1447(c). For the reasons discussed herein, plaintiff's motion for remand is granted and his motion for attorneys' fees is denied.

## DISCUSSION

A defendant may remove to federal court any civil action brought in a state court so long as the district court has original jurisdiction. 28 U.S.C § 1441(a). Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In Connors v. Amax Coal Co., Inc., 858 F.2d 1226, 1229-30 (7th Cir. 1988), the Seventh Circuit explained that 28 U.S.C. § 1331 applies only if: (1) an action "arises under" federal law; and (2) "section 1331 jurisdiction is not preempted by a more specific statutory provision conferring exclusive jurisdiction elsewhere." The issue before this

1

court, then, is whether plaintiff's claim under 47 U.S.C. § 227(b)(3) confers exclusive jurisdiction outside the federal courts.

The language of 47 U.S.C. § 227(b)(3) creates a private right of action that, "a person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State." Because 47 U.S.C. § 227 is a federal statute one would think federal subject matter jurisdiction should exist according to the "arising under" standard of 28 U.S.C. § 1331. The Seventh Circuit has yet to address this issue. Six courts of appeals and three judges in this district, however, have considered this issue, and have all come to the "somewhat unusual conclusion" that there is exclusively state court jurisdiction for a private right of action under 47 U.S.C. § 227(b)(3). Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd., 156 F.3d 432, 434 (2d Cir. 1998). See also Murphey v. Lanier, 204 F.3d 911 (9th Cir. 2000); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998), modified, 140 F.3d 898 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997); Int'l Sci. & Tech. Inst., Inc. v. Inacom, 106 F.3d 1146 (4th Cir. 1997); Stonecrafters Inc. v. CM Systems, Inc., 03 C 50287, 2003 WL 22415976 (N.D.Ill. Oct. 21, 2003); Bernstein v. New Century Mortgage Corporation, 02 C 3355 (N.D.Ill. Feb. 12, 2003); Constr. Consulting Group, Ltd. v. Gersten Fin. & Ins., 02 C 3322, 2002 WL 1400472 (N.D.Ill. June 28, 2002).

The lone case to conclude that 47 U.S.C. § 227(b)(3) creates federal subject matter jurisdiction is Kenro, Inc. v. Fax Daily, Inc., 904 F.Supp. 912 (S.D.Ind. 1995), aff'd on reh'g 962 F. Supp. 1162 (S.D.Ind. 1997), which was decided before any court of appeals considered the issue. Accordingly, this court agrees with the aforementioned courts of appeals, and with the three judges within this district, that the language, structure, purpose, and legislative history of 47 U.S.C. § 227(b)(3) all evince exclusive state court jurisdiction.

Defendant argues that there is presumptively concurrent state and federal jurisdiction unless explicitly stated otherwise. Yellow Freight System v. Donnelly, 874 F.2d 404, 405-6 (7th

Cir. 1989). However, cases cited for holding concurrent jurisdiction all dealt with provisions mentioning only federal jurisdiction and not state jurisdiction. That is, because state courts are courts of general jurisdiction, there is a presumption for concurrent jurisdiction for state courts. This door, however, does not swing the other way granting presumptive federal jurisdiction when a statute mentions only state court jurisdiction, because federal courts are courts of limited jurisdiction. ErieNet, Inc., 156 F.3d at 516-7 ("The permissive authorization of jurisdiction in state courts does not imply that jurisdiction is also authorized in federal courts.").

Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). These fees may be awarded at the discretion of the court. At least two courts considering this issue have awarded fees for the attempted removal of TCPA cases. Gold Seal Termite & Pest Control Co. v. DirectTV, Inc., 1:03 CV00367, 2003 WL 21508177 (S.D.Ind. Jun 10, 2003); Dun-Rite Const. Inc., v. Amazing Tickets, Inc., 1:03 CV 2310, 2004 WL 440387 (N.D.Ohio Jan 16, 2004). Nevertheless, "while the courts of appeal have unanimously rejected [federal jurisdiction] arguments, we agree with the acknowledgment of several circuits that the issues are not easy." Murphey, 204 F.3d at 914. Based on the counterintuitive outcome of the jurisdictional analysis of this case, and the lack of binding Seventh Circuit precedent, the court declines to award attorneys' fees to the plaintiff.

## CONCLUSION

For the reasons stated herein, plaintiff's motion to remand is granted, and his motion for attorneys' fees is denied.

**ENTER:** **July 2, 2004**

Robert W. Gettleman
United States District Judge